UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MAXIMUS, INC., a Virginia corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>APRYL TYLER,<br><br>*Defendant.* | Case No.:<br><br>[_____-CV-_____] |

**PETITION TO ENJOIN ARBITRATION AND
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Maximus, Inc. ("Maximus" or "Plaintiff"), by and through its attorneys, Epstein Becker & Green, P.C., for its Complaint against Defendant Apryl Tyler ("Tyler" or "Defendant"), states as follows:

**NATURE OF ACTION**

1.  Maximus brings this action to enjoin an arbitration that Tyler has initiated before the American Arbitration Association ("AAA"), captioned *Apryl Tyler v. CoreStaff d/b/a Swipejobs*, Case No. 01-22-0001-6533 (the "Arbitration"), insofar as the arbitration seeks the participation of Maximus as a party.  Maximus has not consented to arbitration with Tyler and may not be compelled to resolve any disputes in that forum.

## PARTIES

2. Maximus is a corporation incorporated in the State of Virginia and maintains its principal place of business in McLean, Virginia. Maximus d/b/a Virginia Maximus, Inc. is registered to transact business or conduct affairs in Michigan as a foreign corporation.

3. Upon information and belief, Tyler is an individual who resides in Farmington Hills, Michigan and is a citizen of Michigan.

4. Tyler will be served by means to which she has already consented.

## JURISDICTION AND VENUE

5. This action seeks to enjoin an arbitration pursuant to 9 U.S.C. § 4, to obtain a declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. and Fed. R. Civ. P. 57, and to obtain an injunction pursuant to the All Writs Act and Fed. R. Civ. P. 65(a).

6. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it presents a federal question, and pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of the state of Virginia and a citizen of the state of Michigan, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district because Defendant resides in the state of Michigan and in this District.

## FACTS

### I. The Arbitration Agreement

8. Tyler was an employee of Corestaff d/b/a SwipeJobs ("SwipeJobs"), a temporary staffing company. SwipeJobs placed her, for a period of time, in a position servicing Maximus.

9. Upon information and belief, in connection with Tyler's employment with SwipeJobs, Tyler signed a Mutual Arbitration Agreement ("Arbitration Agreement") in which Tyler agreed to arbitrate work-related disputes. Maximus has never seen a copy of the Arbitration Agreement. It is not a signatory or party to the Arbitration Agreement. Its basis for its belief that there is such an agreement is the existence of the arbitration initiated by Tyler against SwipeJobs.

10. Maximus does not have any agreement with SwipeJobs which commits it to participate in any arbitration involving SwipeJobs and SwipeJobs' employees.

11. Maximus does not have any agreement with Tyler in which it agrees to arbitrate any dispute of any kind or subject matter with her.

## II. Tyler's Assignment with Maximus as a Contingent Worker

12. Maximus utilized SwipeJobs to staff certain positions on a short-term basis. Customer Service Representative positions were included among those for which SwipeJobs provided staffing.

13. In or about October 2021, SwipeJobs assigned Tyler to support Maximus, on a contingent basis, as a Customer Service Representative.

14. Tyler failed to report for work, without notice, on five (5) occasions in January and March 2022. As a result, on March 22, 2022, Maximus requested that SwipeJobs reassign Tyler. SwipeJobs complied and terminated Tyler's assignment with Maximus.

15. Maximus had no role in determining Tyler's employment status with SwipeJobs after she was removed from the assignment servicing Maximus. Upon information and belief, SwipeJobs terminated Tyler's employment.

## III. Tyler's Arbitration Demand

16. On or around April 20, 2022, Tyler filed a demand for arbitration ("Demand") with SwipeJobs alleging wrongful dismissal. The total claim amount Tyler sought in the Demand was Fifty-Eight Thousand Dollars ($58,000.00).

17. Arbitrator Steven H. Schwartz, Esq. (the "Arbitrator") has presided over the Arbitration. Maximus had no role or say in the selection of the Arbitrator.

18. On May 18, 2022, Tyler amended her Demand to include additional claims against SwipeJobs and increased the total claim amount by twenty-fold, to One Million Two Hundred Thousand Dollars ($1,200,000.00) ("Amended Demand").

19. On or about July 21, 2022, Tyler submitted a "Clarification of Claims" in which she purportedly further amended the Amended Demand to assert claims in the Arbitration against Maximus for wrongful termination, fraud, and malicious intent.

## IV.   The Interim Order Regarding Jurisdiction

20. Upon information and belief, on July 28, 2022, the Arbitrator held a case management conference. Maximus did not appear or participate in this conference.

21. Upon information and belief, at the conference, counsel for SwipeJobs raised the issue regarding the scope of the Arbitrator's jurisdiction, including whether the Arbitrator possessed jurisdiction to resolve Tyler's new claims against Maximus.

22. On or about August 25, 2022, the Arbitrator issued an Interim Order Regarding Jurisdiction stating, in pertinent part, that "[t]he claim of wrongful termination against Maximus is deferred, until it is determined whether Claimant wants to bring Maximus as an additional Respondent and, if so, *whether Maximus agrees to the arbitrator's jurisdiction*." (Emphasis added.)

23. Upon information and belief, on September 16, 2022, Tyler filed a Proof of Service with the AAA stating that she had served Maximus with the Arbitrator's Interim Order Regarding Jurisdiction, the original Demand for Arbitration, the Amended Demand for Arbitration, and Claimant's Clarification of Claims.

## V.   The Interim Order Regarding Potential Default

24. Upon information and belief, the Arbitrator held another case management conference on October 21, 2022.  Maximus did not appear or participate in the October 21, 2022 conference.  Upon information and belief, Tyler sought a default against Maximus for failing to appear in an arbitration proceeding to which it had not consented.

25. The Arbitrator addressed the issue of potential default in his Interim Order Regarding Potential Default Status of Respondent Maximus dated October 31, 2022.

26. The Interim Order erroneously determined that Maximus should be a party to the arbitration because the Arbitration Agreement between SwipeJobs and Tyler contains a provision that would permit a third-party beneficiary (i.e., a SwipeJobs client) to initiate an arbitration with a SwipeJobs employee for any matter covered by the Arbitration Agreement. The Arbitrator made no finding that Maximus authorized or consented to this provision or otherwise agreed to the Arbitrator's jurisdiction.

27. The Interim Order also concluded that the Arbitrator had no authority to enter a default against Maximus but stated that he would proceed with the arbitration with Maximus named as a party and would permit Tyler to "present evidence at the hearing to attempt to establish liability and damages caused by Maximus."

28. On January 12, 2023, the Arbitrator issued a Second Arbitration Management Conference Order establishing September 12 and 13, 2023 as hearings dates in connection with the Arbitration.

29. Upon information and belief, which is based on a report from the AAA, in or around March 2023, SwipeJobs reached a settlement with Tyler and was dismissed from the Arbitration.

30. On September 11, 2023, Maximus submitted a letter to the AAA, the Arbitrator, and Tyler, challenging the assertion of jurisdiction over

Maximus in arbitration and requesting that the Arbitrator cancel the hearing. Maximus expressly stated that by submitting the letter challenging jurisdiction, it was not appearing in the Arbitration or submitting to the AAA's jurisdiction.

31. On September 11, 2023, the Arbitrator responded to Maximus' letter recognizing that "it is contrary to the principles of arbitration to proceed with a hearing and issue a subsequent ruling if the arbitrator does not have jurisdiction . . ." The Arbitrator ordered Maximus to file, with a court, "a motion with an appropriate ground challenging the arbitrator's jurisdiction by Tuesday, September 26, 2023" or he would proceed with the Arbitration.

32. The Arbitrator has stayed the AAA Arbitration until a court rules on the Arbitrator's jurisdiction and any appeal process is concluded.

## COUNT I – FEDERAL ARBITRATION ACT

33. Maximus incorporates the above paragraphs as if fully restated herein.

34. Pursuant to the authority granted by Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, a federal court may enjoin an arbitration against a party where that party has not consented to the arbitration through an

express agreement or conduct that reflects consent to the jurisdiction of an arbitrator.

35. Maximus has not entered into any agreement promising to arbitrate any disputes with Tyler.

36. Maximus did not authorize SwipeJobs to commit Maximus to arbitrate any disputes with Tyler.

37. Maximus has not engaged in any conduct that could be construed to reflect consent to the jurisdiction of the Arbitrator. In fact, all of Maximus's conduct has been focused on denying that the Arbitrator possesses any jurisdiction over Maximus.

38. Accordingly, this Court should enter an order enjoining Tyler from prosecuting any arbitration proceeding against Maximus.

## **COUNT II – DECLARATORY JUDGMENT**

39. Maximus incorporates paragraphs 1 through 32 as if fully restated herein.

40. This Court may and must determine the threshold question of whether the parties entered into an agreement to arbitrate their dispute.

41. Maximus is not a signatory to the Arbitration Agreement between Tyler and SwipeJobs that Tyler purports to use as a jurisdictional basis for the Arbitration.

42. Maximus did not agree to arbitrate any disputes with Tyler in the Arbitration Agreement or any other agreements.

43. The Arbitration against Maximus is improper, as there is no basis in law or equity to compel Maximus to arbitrate claims in the AAA or any other arbitral forum.

44. Declaratory relief from this Court will resolve these controversies and limit the uncertainties.

45. As alleged herein, Maximus has presented a real, substantial, and immediate controversy regarding the rights, duties, and liabilities of the parties. Maximus, therefore, requests a declaratory judgment from this Court pursuant to 28 U.S.C. §§ 2201 et seq. and Fed. R. Civ. P. 57 that neither the Arbitration Agreement nor any other agreement imposes an obligation on Maximus to arbitrate Tyler's claims before the AAA or any other arbitral forum.

## **COUNT III – INJUNCTIVE RELEIF**

46. Maximus incorporates paragraphs 1 through 32 as if fully stated herein.

47. Tyler has asserted claims for damages against Maximus in the Arbitration, and, unless enjoined, will continue to pursue such claims to judgment.

48. To obtain a permanent injunction, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

49. Unless Tyler is enjoined from pursuing her claims in the AAA Arbitration, Maximus will suffer irreparable injury. Being compelled to arbitrate a dispute one has not agreed to arbitrate is irreparable harm as a matter of law. Monetary damages cannot adequately compensate the loss of this right.

50. The balance of hardships here tips decidedly in favor of Maximus's request for an injunction. Tyler may seek any remedies against Maximus that she may have in any forum except arbitration. Maximus, on the other hand, may lose valuable procedural protections by submitting to nonconsensual arbitration, given the narrow scope of judicial review of arbitration rulings.

51. The public interest would be affirmatively served by enjoining Tyler from pursuing her claims against Maximus in the Arbitration. The Federal Arbitration Act imposes rules of fundamental importance, including

the basic precept that arbitration is a matter of consent, not coercion. This represents a congressional judgment, enacted into law, that the public interest is best served by barring arbitration when one party has not agreed to it.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Maximus respectfully request this Court enter an order:

(1) Declaring that the AAA lacks jurisdiction over Maximus in the Arbitration;

(2) Permanently enjoining Tyler from pursuing claims against Maximus in the Arbitration; and

(3) Granting such other relief as may be just and proper.

Dated: September 26, 2023	EPSTEIN BECKER & GREEN, P.C.

By: */s/ John Houston Pope*
John Houston Pope
875 Third Ave.
New York, NY 10022
Telephone: (212) 351-4500
Facsimile: (212) 878-8600
JHPope@ebglaw.com
-and-
Adam S. Forman, P55633
2000 Town Center, Suite 1900
Southfield, MI 48075
Telephone: (248) 351-6287
Facsimile: (248) 351-2699
AForman@ebglaw.com

*Attorneys for Plaintiff Maximus, Inc.*