DocuSign Envelope ID: 7873D689-43D0-47B6-9AB4-C025B021B937

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MAXIMUS, INC., a Virginia
corporation,

                    *Plaintiff,*

          v.

APRYL TYLER,

                    *Defendant.*

Case No.: 2:23-CV-12433-SFC-CI

## DECLARATION OF NATHALIE OHANIAN
## IN SUPPORT OF PLAINTIFF'S MOTION FOR
## DECLARATORY AND PERMANENT INJUNCTIVE RELIEF

Pursuant to 28 U.S.C. §1746, I hereby declare as follows:

1.     I am Senior Vice President, Employment Counsel at Maximus, Inc.  I respectfully submit this declaration in support of Maximus' motion to Permanently Enjoin Arbitration pursuant to Federal Rule of Civil Procedure 65.  I make this declaration based on my review of corporate records kept by Maximus in the ordinary course of its business.

2.     Tyler was an employee of SwipeJobs, a digital staffing company that places temporary workers at various clients across the United States.

3.     Maximus has an agreement with SwipeJobs to staff some of its contingent work positions. Maximus utilized SwipeJobs to staff certain

DocuSign Envelope ID: 7873D689-43D0-47B6-9AB4-C025B021B937

positions on a short-term basis.  Customer Service Representative positions were included among those for which SwipeJobs provided staffing.

4.    Maximus does not have any agreement with SwipeJobs that commits it to participate in any arbitration involving SwipeJobs and SwipeJobs' employees.

5.    We understand, based on papers we have received in connection with the AAA arbitration brought by Tyler, that, in connection with Tyler's employment with SwipeJobs, Tyler signed a Mutual Arbitration Agreement ("Arbitration Agreement") in which Tyler agreed to arbitrate her work-related disputes with SwipeJobs.

6.    Maximus is not a signatory or party to the Arbitration Agreement.  In fact, Maximus has not seen, and does not possess, a copy of the Arbitration Agreement.

7.    Maximus has not entered into any agreement with Tyler in which it agrees to arbitrate any dispute of any kind or subject matter with her.

8.    In or about October 2021, SwipeJobs assigned Tyler to support Maximus, on a contingent basis, as a Customer Service Representative.

9.    Tyler failed to report for work, without notice, on five (5) occasions in January and March 2022.

10.   As a result, on March 22, 2022, Maximus requested that SwipeJobs reassign Tyler.  SwipeJobs complied and terminated Tyler's assignment with Maximus.  Maximus had no role in determining Tyler's employment status with SwipeJobs after she was removed from the assignment servicing Maximus.  Based on the fact that Tyler commenced an arbitration proceedings against SwipeJobs in which she sought substantial damages, Maximus believes that SwipeJobs terminated Tyler's employment.

11.   Maximus does not want to arbitrate any disputes with Tyler and has not consented to arbitrate any disputes with her.  It therefore seeks the Court's intervention to enjoin her from prosecuting the AAA arbitration that she commenced.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 26, 2023.


_Nathalie M. Ohanian_

_____
Nathalie Ohanian, Esq.