UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXIMUS, INC.,

    Plaintiff,

v.

APRYL TYLER,

    Defendant.

Case No. 23-cv-12433

Hon. Sean F. Cox
United States District Court Judge

## OPINION AND ORDER DENYING PLAINTIFFS MOTION TO PERMANENTLY ENJOIN ARBITRATION

In this case, the plaintiff moves to permanently enjoin the defendant from arbitrating certain employment-related claims against it under the Federal Arbitration Act ("FAA") and this Court's inherent equity powers. Because the FAA does not authorize the relief that the plaintiff seeks and the parties have not yet resolved the merits of any underlying claims in this case, the Court denies the plaintiff's motion without prejudice.

### BACKGROUND

Defendant Apryl Tyler was hired by a staffing agency (the "Agency"), which the parties alternatively refer to as "Swipejobs" and "CoreStaff" in the papers. The Agency had an agreement with Plaintiff Maximus, Inc., to staff positions for Maximus. The Agency placed Tyler with Maximus in October 2021 to perform work as a customer service representative.

Tyler signed an agreement with the Agency in February 2022 that required her to arbitrate employment-related claims before the American Arbitration Association ("AAA"). The parties do not dispute that Tyler did not sign this arbitration agreement. In March 2022, Maximus asked the Agency to reassign Tyler, and the Agency later notified Tyler that she was released from her assignment to Maximus.

1

In April 2022, Tyler filed a demand with the AAA to arbitrate a claim against the Agency for wrongful dismissal, and the AAA appointed Steven Schwartz to arbitrate Tyler's claims. Tyler later joined Maximus as a party to the arbitration proceedings against the Agency. Arbitrator Schwartz later dismissed the Agency as a defendant.  The exact nature of the claims that Tyler raised against Maximus in the arbitration proceedings is unclear.  However, the arbitration remains pending, and Maximus is a party.

In September 2023, Maximus submitted a letter to Arbitrator Schwartz where it argued that he must cancel the hearing on Tyler's claims because he lacked jurisdiction to determine whether her claims were arbitrable.  Later that day, Arbitrator Schwartz stated in an email that the arbitration was adjourned "to allow two weeks to file a motion with an appropriate court to resolve the jurisdictional issues raised in [Tyler's] letter."  (ECF No. 3-9, PageID.88).

On September 26, 2023, Maximus filed a Petition to Enjoin Arbitration and Complaint for Injunctive and Declaratory Relief.  (ECF No. 1).  Maximus's petition & complaint names Tyler as the sole defendant and includes three counts.  Count I asserts that Maximus is entitled to an order enjoining Tyler from arbitrating any claims against Maximus under 9 U.S.C. § 4, which codifies part of the Federal Arbitration Act ("FAA").  Count II seeks a declaratory judgment holding that "neither the Arbitration Agreement nor any other agreement imposes an obligation on [Maximus] to arbitrate [Tyler]'s claims before the AAA or any other arbitral forum."  (*Id.* at 10).  And Count III avers that Maximus is entitled to an order enjoining Tyler from arbitrating any claims against Maximus "pursuant to the All Writs Act and Fed. R. Civ. P. 65(a)."  (*Id.* at 2).

On the same day, Maximus filed a Motion to Permanently Enjoin Arbitration.  (ECF No. 3).  That motion seeks an order permanently enjoining Tyler from arbitrating her claims against Maximus under 9 U.S.C. § 4 "and this Court's inherent powers of equity."  (*Id.* at 15).

Maximus's motion has been fully briefed, and the Court declines to hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). The Court denies Maximus's Motion to Permanently Enjoin Arbitration without prejudice.

## ANALYSIS

Maximus's Motion to Permanently Enjoin Arbitration presents two questions: (1) whether 9 U.S.C. § 4 empowers this Court to enjoin a party from arbitrating claims; and, if not, (2) whether this Court may grant such relief under its inherent equitable powers at this stage of the litigation. The answer to both questions is *No*.

**I.    The Federal Arbitration Act**

Maximus first argues that 9 U.S.C. § 4 empowers this Court to enjoin Tyler from arbitrating her claims against it.[1] The Court disagrees.

Maximus's argument presents a question of statutory interpretation that the Sixth Circuit has not squarely confronted. Although Tyler does not directly respond to Maximus's interpretation of § 4 in the papers, "[t]he role of the judicial branch [in interpreting statutes is] to apply statutory language and [courts] cannot cede [their] authority to interpret statutes to the parties or their attorneys."[2] *United States v. Wilson*, 978 F.3d 990, 997 (6th Cir. 2020) (quoting *Bourdon v. U.S. Dep't of Homeland Sec. (DHS)*, 940 F.3d 537, 547 n.6 (11th Cir. 2019)).

Section 4 "states that a 'party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under' a written arbitration agreement may 'petition' a district court for an 'order directing that such arbitration proceed in the manner provided for in such agreement.'" *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 837 (6th Cir. 2021) (quoting § 4).

---

1. Because Maximus does not invoke any other provisions of the FAA in its motion, the Court's analysis is limited to § 4.
2. The Court also notes that Tyler is *pro se*.

3

But § 4 does not address whether courts may *enjoin pending* arbitration proceedings where a written agreement to arbitrate allegedly *does not* exist between the parties to such proceedings. *See Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 785 (9th Cir. 2001) ("[Section] 4 is narrowly tailored.  By its terms, it only embraces actions to compel arbitration.").

Maximus cites *Societe Generale de Surveillance, S.A. v. Raytheon European Management and Systems Co.* as support for its interpretation of § 4.  643 F.2d 863 (1st Cir. 1981).  In *Societe Generale*, the First Circuit observed, "[T]o enjoin a party from arbitrating where an agreement is absent is the concomitant of the power to compel arbitration where it is present." *Id.* at 868.  However, this statement was prompted by the defendant's argument that § 4 *restricted* courts from exercising equitable jurisdiction over pending arbitration proceedings. *Id.* at 868.  Nothing in *Societe Generale* stands for the proposition that § 4 vested courts with the power to enjoin pending arbitration proceedings.

Maximus also cites an order in *FedEx Ground Package Systems, Inc. v. Vic Jackson Transportation, Inc.*, No. 12-cv-2228, 2012 WL 2953218 (D. Kan. July 19, 2012).  The plaintiff in *FedEx*, like Maximus, sought a declaratory judgment holding that an arbitrator had exceeded their jurisdiction and requested injunctive relief.  *See id.* at *1.  The court held that the plaintiff's declaratory-judgment claim was justiciable under Article III of the U.S. Constitution and the Declaratory Judgment Act.  *See id.* at *1–3.  However, the court did *not* hold that the FAA authorized it to enjoin the arbitration proceedings that the plaintiff had challenged.

Maximus further asserts, "Courts in this circuit and this District frequently entertain suits" for injunctive relief under § 4 and cites a number of cases as support for this proposition. (ECF No. 3. PageID.32); *see Wilson-Davis & Co. v. Mirgliotta*, 721 Fed. App'x. 425 (6th Cir. 2018); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260 (6th Cir. 1998); *Apollo Comput., Inc. v.*

4

*Berg*, 886 F.2d 469 (1st Cir. 1989); *CIG Asset Mgmt. v. Bircoll*, No. 13-cv-13213, 2013 WL 4084763 (E.D. Mich. Aug. 13, 2013) (Drain, J.).[3] But these cases do not show that the FAA authorizes federal courts to enjoin a party from arbitrating claims.

*Wilson-Davis* and *CIG Asset Management*, like *FedEx*, concerned requests to enjoin arbitration proceedings that were predicated on the merits of declaratory-judgment claims. *See Wilson-Davis*, 721 F. App'x at 427; Complaint 13–14, *CIG Asset Mgmt.*, 13-cv-13213 (E.D. Mich. July 26, 2013), ECF No. 1, PageID.13–14. *Apollo Computer* involved an order denying a stay of arbitration proceedings under Massachusetts law, which is not at issue here. *See* 886 F.2d at 471. And *First of Michigan* reversed a district court's dismissal of a declaratory-relief claim for improper venue under 28 U.S.C. § 1391, which is also not at issue here. 141 F.3d at 262–63.

In sum, § 4 does not authorize this Court to enjoin a party from arbitrating claims.

## II. The Court's Inherent Equitable Powers

Maximus argues in the alternative that this Court may enjoin Tyler from arbitrating her claims against it pursuant to this Court's inherent equitable powers.[4] The Court disagrees.

With respect to *preliminary* injunctions, "[c]ourts consider four factors in deciding whether to grant [such relief]: whether the movant is likely to succeed on the merits of its claim; whether the movant is likely to suffer irreparable harm absent an injunction; the balance of equities; and the public interest." *Catholic Healthcare Int'l, Inc. v. Genoa Charter Township*, 82 F.4th 442, 447 (6th Cir. 2023). The standard for a *permanent* injunction is essentially the same, except that a plaintiff must show *actual success* on the merits of the claim upon which the

---

3. Maximus erroneously cited *Apollo Computer* as a Sixth Circuit case in the papers.
4. Although Maximus invoked the All Writs Act in its petition & complaint, Maximus did not discuss it in its motion. As such, the Court does not consider whether the Act authorizes the relief that Maximus seeks.

5

request for relief is predicated, and not merely a *strong likelihood* of success. *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 445 (6th Cir. 2010).

It bears repeating that "an injunction is a remedy, not a claim." *Madej v. Maiden*, 951 F.3d 364, 369 (6th Cir. 2020). Therefore, Count III of Maximus's petition & complaint is not a *claim*. The only *claims* that Maximus asserted in its petition & complaint were a claim for injunctive relief under the FAA (Count I) and its declaratory-judgment claim (Count II).

Here, Count I effectively fails to state a claim upon which relief may be granted. And the Court has not yet resolved the merits of Count II. As such, Maximus has not shown actual success on the merits of any claims that it raised in its petition & complaint. At bottom, the Court may not permanently enjoin Tyler from arbitrating her claims against Maximus under its inherent equitable powers at this stage of the litigation.

## CONCLUSION & ORDER

9 U.S.C. § 4 does not enable this Court to enjoin parties from arbitrating claims. And this Court may not permanently enjoin parties from engaging in *any* conduct, including prosecuting arbitration proceedings, without resolving the merits of some underlying claim.

Accordingly, **IT IS ORDERED** that Maximus's Motion to Permanently Enjoin Arbitration is **DENIED** without prejudice.

**IT IS SO ORDERED.**


Dated: January 30, 2024                         s/Sean F. Cox
                                                Sean F. Cox
                                                U. S. District Judge


I hereby certify that on January 30, 2024, the document above was served on counsel and/or the

6

parties of record via electronic means and/or First Class Mail.

s/Jennifer McCoy<br>Case Manager